**RECORD NOS. 15-2554; 16-1134**

In The

# United States Court Of Appeals
## For The Fourth Circuit

# BARBARA M. AGNEW; MICHAEL R. AGNEW,

*Plaintiffs –Appellants,*

v.

# UNITED LEASING CORPORATION,

*Defendant – Appellee.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT NORFOLK**

_____

## BRIEF OF APPELLEE
_____

**R. Webb Moore**
**Nathaniel L. Story**
**HIRSCHLER FLEISCHER, PC**
**2100 East Cary Street**
**Richmond, VA  23218**
**(804) 771-9500**

*Dated: April 4, 2016*                    *Counsel for Appellee*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _15-2554_    Caption: Agnew v. United Leasing Corporation

Pursuant to FRAP 26.1 and Local Rule 26.1,

United Leasing Corporation
(name of party/amicus)


who is _____ Appellee _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?    ☐ YES ☑ NO
       If yes, identify all parent corporations, including all generations of parent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO
       If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
     If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
     If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?    ☑YES ☐NO
     If yes, identify any trustee and the members of any creditors' committee:
     Debtors Barbara M. Agnew and Michael R. Agnew

Signature: /s/ Nathaniel L. Story                    Date:    12/23/2015

Counsel for: Appellee

## CERTIFICATE OF SERVICE
***************************

I certify that on _____12/23/2015_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Steven S. Biss, Esquire                    James E. Kane, Esquire
LAW OFFICE OF STEVEN S. BISS               KANE & PAPA, PC
300 West Main Street, Suite 102            1313 East Cary Street
Charlottesville, VA 22903                  Richmond, VA 23219
stevenbiss@earthlink.net                   jkane@kaneandpapa.com

/s/ Nathaniel L. Story                              12/23/2015
       (signature)                                    (date)

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ................................................................. iii

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ...........................2

STATEMENT OF THE CASE ..............................................................3

    The June 2000 Confessed Judgment .................................................4

    The 2007 Virginia Beach Litigation .................................................4

    The 2008 Richmond Litigation........................................................6

    The 2014 Bankruptcy Action ..........................................................7

    The 2015 District Court Litigation ...................................................7

    Relevant Events Occurring After the Notice of Appeal................................11

SUMMARY OF THE ARGUMENT .....................................................12

ARGUMENT ...............................................................................14

    I.    The District Court properly exercised its discretion in striking the Agnews' response brief................................................14

    II.    The undisputed facts alleged in ULC's unopposed motion for summary judgment are admitted and support Judge Wright Allen's grant of summary judgment .................................16

    III.    Judicial estoppel now bars the Agnews' arguments on appeal because they have successfully argued in previous litigation that the Judgment is valid.................................19

    IV.    The Agnews contractually waived any objection to confession of the Judgment. .................................................21

V.    The Court properly interpreted the Forbearance Agreement with respect to the "Resource Litigation." .................................................23

VI.    The remaining claims are not before this Court because Judge Wright Allen's order on Motion to Strike was not designated for appeal ................................................................................26

VII.    Judge Wright Allen properly exercised her discretion in awarding sanctions ...........................................................................28

VIII.  Dismissal of the Bankruptcy Case Does Not Automatically Divest this Court of Jurisdiction over this Appeal ..............................30

IX.    The Court should not vacate the District Court Summary Judgment and Sanctions Orders if it determines the appeal is moot in light of the dismissal of the bankruptcy case .........................34

CONCLUSION .................................................................................................39

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s):</u>

<u>Cases</u>:

<u>A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.</u>,
    798 F.2d 669 (4th Cir. 1986) ........................................................................25

<u>B & J Enterprises, Ltd. v. Giordano</u>,
    329 F. App'x 411 (4th Cir. 2009) .................................................................14

<u>Barry v. Donnelly</u>,
    781 F.2d 1040 (4th Cir. 1986) ......................................................................28

<u>Colonial Penn Ins. Co. v. Coil</u>,
    887 F.2d 1236 (4th Cir. 1989) ......................................................................30

<u>Dart Drug Corp. v. Nicholakos</u>,
    221 Va. 989, 277 S.E.2d 155 (1981) ...........................................................25

<u>F.T.C. v. Food Town Stores, Inc.</u>,
    547 F.2d 247 (4th Cir. 1977) ........................................................................35

<u>Felty v. Graves-Humphreys Co.</u>,
    818 F.2d 1126 (4th Cir. 1987) ......................................................................18

<u>Fidelity & Deposit Co. of MD v. Morris (In re Morris)</u>,
    950 F. 2d 1531 (11th Cir. 1992) .............................................................31, 32

<u>First Owners' Ass'n of Forty Six Hundred Condo., Inc. v.</u>
<u>Gordon Properties, LLC</u>,
    No. 1:11cv255, 2011 WL 11706511 (E.D. Va. Apr. 15, 2011) ...................31

<u>FS Photo, Inc. v. Picturevision Inc.</u>,
    61 F. Supp. 2d 473 (E.D. Va. 1999) ............................................................25

<u>Giovanni Carandola, Ltd. v. City of Greensboro</u>,
    258 F. App'x 512 (4th Cir. 2007) .................................................................38

Holt v. Nedry,
    64 Va. Cir. 373 (Fairfax Cir. Ct. 2004) ......................................22

In re 5900 Ass'n, Inc.,
    468 F. 3d 326 (6th Cir. 2006) ........................................32

In re Bees,
    562 F.3d 284 (4th Cir. 2009) ........................................29

In re Carraher,
    971 F.2d 327 (9th Cir. 1992) ........................................32

In re Porges,
    44 F.3d 159 (2d Cir. 1995) ........................................32

In re Querner,
    7 F.3d 1199 (5th Cir. 1993) ........................................32

In re Rinaldi,
    778 F.3d 672 (7th Cir. 2015) ..........................................36, 37, 38

In re Smith,
    866 F.2d 576 (3d Cir. 1989) ........................................32

In re Teigen,
    17 F.3d 396 (9th Cir. 1994) ........................................32

In the Matter of Statistical Tabulating Corp., Inc.,
    60 F.3d 1286 (7th Cir. 1995) ........................................32

Johnson v. Alvis,
    159 Va. 229, 165 S.E. 489 (1932) ..........................................20, 22

Karcher v. May,
    484 U.S. 72 (1987) ........................................35

Marshak v. Branch,
    980 F.2d 727 (4th Cir. 1992) ........................................27

Mellen v. Bunting,
    327 F.3d 355 (4th Cir. 2003) ........................................35

Morrison v. Wells Fargo Bank, N.A.,
    30 F. Supp. 3d 449 (E.D. Va. 2014) ............................................................25

Narrows Grocery Co. v. Bailey,
    161 Va. 278, 170 S.E. 730 (1933) ...................................................... 17-18

New Hampshire v. Maine,
    532 U.S. 742 (2001) ......................................................................................20

Newport News Holdings Corp. v. Virtual City Vision, Inc.,
    650 F.3d 423 (4th Cir. 2011) .......................................................................29

Parson v. Carroll,
    272 Va. 560, 636 S.E.2d 452 (2006) ...........................................................19

Pennsylvania Nat. Mut. Cas. Ins. Co. v. Roberts,
    668 F.3d 106 (4th Cir. 2012) .......................................................................20

Pettis v. Nottoway Cnty. Sch. Bd.,
    980 F. Supp. 2d 717 (E.D. Va. 2013) aff'd,
    592 F. App'x 158 (4th Cir. 2014) ...............................................................16

Pryor v. United Air Lines, Inc.,
    791 F.3d 488 (4th Cir. 2015) .......................................................................16

Richmond Eng'g & Mfg. Corp. v. Loth,
    135 Va. 110, 115 S.E. 774 (1923) ...............................................................24

Roenke v. Virginia Farm Bureau Mut. Ins. Co.,
    209 Va. 128, 161 S.E.2d 704 (1968) ...........................................................22

State Farm Mut. Auto Ins. Co. v. Reynolds,
    676 F. Supp. 106 (W.D. Va. 1987) ..............................................................25

State Farm Mut. Auto. Ins. Co. v. Seay,
    236 Va. 275 (1988) ......................................................................................23

States v. Chemical Found., Inc.,
    272 U.S. 1 (1926) .........................................................................................17

Thompson v. E.I. Dupont de Nemours & Co.,
        76 F.2d 530 (4th Cir. 1996) ..........................................................15

U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,
        513 U.S. 18 (1994)................................................ 34, 35, 38-39

United Petrelle v. Weirton Steel Corp.,
        953 F.2d 148 (4th Cir. 1991) ......................................................17

United States v. Munsingwear, Inc.,
        340 U.S. 36 (1950)..............................................................passim

United States v. Pelton,
        905 F.2d 1532 (4th Cir. 1990) ...................................................14

Virginia Elec. & Power Co. v. Norfolk S. Ry. Co.,
        278 Va. 444, 683 S.E.2d 517 (2009) .........................................20

Wells v. Travelers Ins. Co.,
        26 Va. Cir. 296 (1992)................................................................23

Wise v. S. Carolina Dep't of Corr.,
        255 F. App'x 694 (4th Cir. 2007)................................................27

**Statutes:**

11 U.S.C. § 362 ................................................................................7

28 U.S.C. § 157 ................................................................................7

28 U.S.C. § 1927 ............................................................................29

Va. Code § 8.01-246 .......................................................................27

Va. Code § 8.01-435 .......................................................................21

Va. Code § 8.01-438 .......................................................................22

**<u>Rules</u>:**

Fed. R. App. P. 3(c)(1)(B) ..................................................................27

Fed. R. Civ. P. 12(b)(6) .....................................................................7

Fed. R. Civ. P. 56(e)(2) .....................................................................17

Fed. R. Evid. 201 ..............................................................................30

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

1100 East Main Street, Suite 501, Richmond, Virginia 23219
www.ca4.uscourts.gov

April 4, 2016

_____

No. 15-2554; 16-1134
(2:14-cv-00525-AWA-DEM)
(14-73415-SCS)
(14-07085-SCS)

**BARBARA M. AGNEW**,

and

**MICHAEL R. AGNEW**,

Plaintiffs-Appellants,

v.

**UNITED LEASING CORPORATION**,

Defendant-Appellee.

## <u>BRIEF OF APPELLEE</u>

## <u>JURISDICTIONAL STATEMENT</u>

ULC supplements the Agnews' Jurisdictional Statement as follows:
Through Notices of Appeal dated December 11, 2015 and February 5, 2016, the
Agnews appealed the final orders of Judge Wright Allen.  JA 1292-93, 1355-56.

Since the Agnews' filed their appeals, Opening Brief, and Appendix, certain events have transpired in the underlying bankruptcy case that are relevant to this Court's consideration of jurisdiction to decide the Agnews' appeal.

The United States Trustee for Region 4 filed a Motion to Convert or Dismiss the Agnews' bankruptcy case, which was joined by the United States of America. Joint Appendix Supplement ("JAS") 19-31, 32-42; Bankruptcy Docket Nos. [80], [108].

On March 17, 2016, Bankruptcy Judge St. John dismissed the Agnews' underlying bankruptcy case.  JAS 18, Bankruptcy Docket No. [117].  The impact of this decision on the Court's jurisdiction to hear this Appeal is discussed more fully in Sections VIII and IX of this Brief.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.      Did the District Court properly exercise its discretion in striking the Agnews' untimely response to ULC's Motion for Summary Judgment?

2.      Did the admitted facts in ULC's Motion for Summary Judgment merit summary judgment?

3.      Did the Agnews' contradictory statements in prior litigation estop them from now contesting the validity of the confessed Judgment and their personal liability thereunder?

4.      Did the Agnews contractually waive service of the confessed Judgment?

2

5.     Did the District Court properly interpret the Forbearance Agreement in refusing to release the Agnews from personal liability thereunder?

6.     Are the Agnews precluded from appealing the claims dismissed on the District Court's Order on Motion to Dismiss when the Agnews did not designate that Order on appeal?

7.     Did the District Court properly exercise its discretion in awarding sanctions?

8.     Should this Court exercise its discretion to retain jurisdiction over this appeal and lend finality to the litigation between these parties?

9.     In the event this Court dismisses the Agnews' appeal as moot should it refuse to vacate the prior District Court Orders on Summary Judgment and for Sanctions?

## STATEMENT OF THE CASE

This case arises out of the Agnews' contest of a Judgment they agreed to confess over fifteen years ago.  JA 705.  On June 2, 2000, the Agnew and ULC agreed to a "Forbearance Agreement Regarding Confession of Judgment" (the "Forbearance Agreement").  JA 705.  A recitation of the history of their litigation over this Judgment since that time is necessary to fully apprise the Court of the issues now on appeal.

3

**The June 2000 Confessed Judgment**

The purpose of the Forbearance Agreement was to resolve a dispute over certain defaulted leases by having the Agnews confess judgment on these amounts. JA 676. The Agnews had also initiated litigation against Resource Bank in November 1999 (the "Resource Litigation"), and the Parties contemplated the Agnews' prosecution of that pending action as a means of paying the Judgment.[1] JA 677, 680. In accordance with the Forbearance Agreement, the Agnews' agreed attorney-in-fact confessed judgment in the Circuit Court for the City of Richmond on June 8, 2000 (the "Judgment"). JA 676. On that date, the Agnews' attorney-in-fact requested that the Sheriff of the City of Virginia Beach serve copies of the Judgment on the Agnews, and service was, in fact requested. JA 676, 775-780. The Judgment was then docketed against the Agnews' real estate located in Virginia Beach (the "Property"), on July 28, 2000. JA 677.

**The 2007 Virginia Beach Litigation**

In 2007, the Agnews were in default under certain equipment leases secured by a certain deed of trust on the Property (the "Deed of Trust"), and the Agnews filed a Complaint to enjoin a foreclosure sale ULC noticed for May 18, 2007 (the "Virginia

---

[1] The Agnews were later convicted of "bank fraud, 401(k) diversion and money laundering" "in connection with a . . . credit arrangement that AGM maintained with Resource Bank" and sentenced to federal prison. JA 678, 1182-83. The Resource Litigation was stricken from the docket for want of prosecution and not reinstated. JA 680, 1284.

4

Beach Litigation"). JA 1128. The Forbearance Agreement under which the Judgment had been confessed included a reference to this separate Deed of Trust. JA 707, ¶ 6. The Agnews argued extensively in the Virginia Beach Litigation that the valid confessed Judgment under the Forbearance Agreement precluded ULC from foreclosing on the Property under the Deed of Trust. JA 677-78. Judge Shockley entered a final order on June 8, 2007, upholding ULC's right to foreclose under the Deed of Trust. JA 671H. Thereafter, the Agnews asserted that the Forbearance Agreement and confessed Judgment provided a defense to the foreclosure, and Judge Shockley vacated her prior order based on these representations. JA 671G-671J, 677-78, 1169. After further hearings on this issue, Judge Shockley ultimately rejected the Agnews' arguments and ruled that the Forbearance Agreement did not prevent foreclosure. JA 1177. The Agnews appealed the case to the Supreme Court of Virginia, the Supreme Court of Virginia dismissed the Petition, the Agnews eventually settled this independent debt through payment to ULC, and Judge Shockley entered an Amended Final Order dismissing the case with prejudice. JA 671G-671J,[2] 1177-78.

---

[2] As further explained below in the Argument, the Motion for Reconsideration and Clarification was filed to clarify for the District Court the scope of the prior rulings.

**The 2008 Richmond Litigation**

In 2008, ULC filed a Complaint for judicial foreclosure under the lien of the confessed Judgment.   JA 679.   Venue was later transferred to Richmond (the "Richmond Litigation").   Id.   Notwithstanding their extensive arguments in the Virginia Beach Litigation that the confessed Judgment was valid and precluded foreclosure under the Deed of Trust, the Agnews argued in the Richmond Litigation that the confessed Judgment was void and they had no personal liability thereunder.  JA 676-81.  Judge Spencer rejected the Agnews' arguments.  JA 680. She referred the matter to a commissioner in chancery to take evidence.  JA 680. The Agnews moved to set aside the Judgment and dismiss the case based on their arguments of improper service, again in direct conflict with their representations in the Virginia Beach litigation.   JA 677-678, 680.   After a full hearing of the evidence in this matter, Judge Spencer again agreed with ULC and rejected the Agnews' arguments by order dated October 21, 2010.  JA 681.  A three day trial was then held before the Commissioner in 2011.  JA 681.  On November 19, 2013, the Commissioner issued a Report affirming ULC's Judgment lien and all amounts owed thereunder.  JA 681.  On April 25, 2014, Judge Spencer entered a decree directing that the Property be sold at public auction.   JA 681.   The special commissioner noticed the sale of the Property for September 22, 2014.  JA 682.

Immediately prior to the sale, the Agnews filed a Chapter 11 petition on September 19, 2014.  JA 682.

**The 2014 Bankruptcy Action**

The automatic stay pursuant to 11 U.S.C. § 362 halted ULC's attempts at foreclosure.  Thereafter, on October 3, 2014, the Agnews filed a Complaint against ULC asserting that the Agnews had no personal liability under the confessed Judgment, the Judgment was void, and multiple contract-related claims under the Forbearance Agreement.  JA 8.  Because the Agnews requested trial by jury and the Bankruptcy Court did not have jurisdiction under 28 U.S.C. § 157 to conduct a trial by jury, the District Court withdrew the reference as to the entire adversary proceeding.  JA 39.

**The 2015 District Court Litigation**

In the District Court, ULC filed a Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).  JA 49.  In its Motion to Dismiss, ULC asserted that the Agnews' claims were barred by the doctrine of *res judicata* and collateral estoppel given Judge Spencer's full and final decision on the merits in the Richmond Litigation addressing the exact claims that the Agnews raised before the District Court.  JA 56-59.  ULC also asserted that the Complaint must be dismissed because the Agnews asserted breaches of the Forbearance Agreement occurring between 2000 and 2002.  JA 58-89.

The Agnews filed a Memorandum in Opposition to ULC's Motion to Dismiss. Therein, they asserted that their filing of bankruptcy immediately prior to the foreclosure sale precluded finality of Judge Spencer's order. JA 196-199. They also asserted that the confessed Judgment was void, and that the Agnews had no personal liability given the dismissal of the Resource Litigation. JA 200. Counsel for the Agnews asserted that Judge Shockley's statements in the Virginia Beach litigation barred ULC's claim under principles of *res judicata* and collateral estoppel. JA 201-203. In support of that argument, counsel for the Agnews included a heavily redacted portion of Judge Shockley's decision, wherein she mentioned the Agnews' arguments concerning the Resource Litigation. JA 229-232. ULC filed a rebuttal memorandum again referring Judge Wright Allen to the final decision of Judge Spencer. JA 248A.

By order filed May 20, 2015, Judge Wright Allen dismissed all claims of the Agnews except for those relating to the issue of whether the confessed Judgment was void for improper service or whether the Agnews had personal liability based on the status of the Resource Litigation. JA 258. Counsel for the Agnews' interjection of Judge Shockley's statements concerning the Agnews' liability under the unrelated Deed of Trust in the Virginia Beach litigation, created substantial confusion in Judge Wright Allen's May 20, 2015 Order with respect to the Virginia Beach Litigation over the Deed of Trust and the Richmond Litigation over the confessed Judgment, and she declined to wholly dismiss the Complaint. JA 258-275.

8

Promptly thereafter, the Agnews filed a Motion for Summary Judgment. JA 276. ULC filed an opposition to the Agnews' Motion for Summary Judgment, specifically denying the Agnews' factual allegations and identifying the bases for their dispute.

ULC also filed a Motion for Reconsideration and Clarification to fully address and clarify the scope of the two separate actions. JA 671C. Therein, ULC noted that while the statements made in the Virginia Beach Litigation concerning the Deed of Trust did not in any way support the Agnews' allegations in their Complaint they did estop the Agnews from taking contrary positions in the Richmond Litigation over the validity of the lien of the confessed Judgment. JA 671F.

Additionally, ULC filed a Motion for Summary Judgment, properly identifying the factual and legal support to award ULC judgment and fully dismiss the Agnews' Complaint. JA 309. Counsel for the Agnews did not timely file a response to ULC's Motion for Summary Judgment or Motion for Reconsideration and Clarification. JA 4. ULC moved to strike the Agnews' Motion for Leave to file late responses, noting that counsel was aware of the pending Motions and that counsel had memorialized their conversation concerning available and avoid dates for a hearing on the three Motions in an email to the Court. JA 1257, see Exhibit A. Counsel for the Agnews responded to the Motion and asserted that a

9

calendaring mistake caused the delay in filing responses.  JA 1263.  Counsel for the Agnews did not respond to ULC's Memorandum in Opposition to the Agnews' Motion for Leave to File Responses or further explain its calendaring error. Magistrate Judge Douglas E. Miller properly granted ULC's Motion to Strike, noted the lack of explanation, and also noted the significant delays the Agnews' litigation had already caused.  JA 1273-74.

Thereafter, Judge Wright Allen granted summary judgment in ULC's favor on the two sole remaining issues after her ruling on the Motion to Dismiss.  JA 1275.  Judge Wright Allen noted that

> [t]he redacted excerpts of the transcript from the August 23, 2007 hearing before Judge Shockley . . . inadequately presented the posture of the 2007 Virginia Beach Action.  Moreover, the submissions made by Plaintiffs appear to constitute intentional misrepresentation or attempted deception.  The Agnews' representations in opposition to ULC's Motion to Dismiss have prolonged this litigation.  The Court is dismayed that Plaintiff's representations appear intentionally misleading, and may have been designed to cause unnecessary delay.  Accordingly, Defendant is directed to prepare a Judgment regarding this case. The Judgment shall include a proposed award of sanctions payable by plaintiffs' Counsel to defense Counsel.  This award shall reflect defense Counsel's estimate of their costs incurred in preparing their Summary Judgment briefing.  The draft Judgment shall be filed within thirty days of this Order. Plaintiff's Counsel shall file its response within fourteen days after the draft Judgment is filed.

JA 1278.

On December 9, 2015, counsel for ULC provided a draft Judgment Order pursuant to Judge Wright Allen's November 13, 2015 Order.  On December 11, 2015, the Agnews filed their Notice of Appeal to the District Court's November 13, 2015 Order.  JA 1287.  On December 23, 2015, the Agnews filed a Verified Response to the Draft Order of Judgment.  JA 1296.  On January 20, 2016, Judge Wright Allen endorsed an additional Order of Judgment confirming her November 13, 2015 Order and granting sanctions in an amount of $5,000 against counsel for the Agnews, again holding that "[t]he submissions made by Plaintiffs to this Court appear to constitute intentional misrepresentation or attempted deception, and have prolonged this litigation unnecessarily."  JA 1353.  Judge Wright Allen also noted that the Court had previously disposed of the Motion to Dismiss of the Agnews' third claim for relief – an assertion that material breaches of the Forbearance Agreement barred Defendant's right to enforce the Confessed Judgment.  Id.  The Agnews then filed another notice of appeal to this Judgment, asserting that they contested the Court's ruling on Summary Judgment and Sanctions.  JA 1355-56.  On February 29, 2016, the Agnews filed their opening brief and appendix.

**Relevant Events Occurring After the Notice of Appeal**

On January 26, 2016, Judy A. Robins, United States Trustee for Region 4 moved the bankruptcy court to convert to a proceeding under Chapter 7 or to dismiss the Agnews' underlying Bankruptcy Case.  See JAS 19 (Motion to Convert

or Dismiss [80]).  The Trustee noted that the Agnews had failed to file monthly operating reports for many months, had failed to file a Chapter 11 plan, and their adversary proceeding had been dismissed with prejudice on summary judgment, with a sanctions order included.  Id.  The United States of America also filed a Response in Support of the Trustee's Motion, asserting that the Agnews' plan to pay their $1,697,798.80 criminal restitution judgment was insufficient, and that the Court must dismiss the Agnews' bankruptcy case for cause.  See JAS 32 (U.S.A. Motion to Dismiss [108]).  In response, the Debtors filed monthly operating reports, a Chapter 11 plan, and on March 11, 2016, a Response to the Trustee's Motion.  JAS 12-18; 43 (Docket Statement [78]-[84], [86]-[87], [100]-[101], [116]).  On March 17, 2016, at the hearing on the U.S. Trustee's Motion to Dismiss or Convert, the bankruptcy court dismissed the Agnews' bankruptcy case with the Agnews' consent, with an order due by March 31, 2016.  JAS 18 (Docket [117]).  As of the filing of this Response Brief, no order has yet been entered.

## SUMMARY OF THE ARGUMENT

The Agnews cannot prevail on the merits of their underlying claims.  The District Court properly exercised its discretion in striking the Agnews' untimely responses to ULC's Motion for Summary Judgment and Motion for Reconsideration and Clarification.  The District Court properly granted ULC's unopposed Motion for Summary Judgment.  The admitted allegations in ULC's

Motion for Summary Judgment merit dismissal of the Complaint because the Agnews have admitted that the confessed Judgment was valid and have used its validity to contest liability in other proceedings.

The Agnews have also admitted the intent of the parties with respect to their continuing personal liability under the confessed Judgment based on their failure to prosecute the Resource Litigation referenced therein. The District Court properly held that the Agnews had not rebutted the presumption that the confessed Judgment was served through their self-serving affidavit produced nine years after entry of Judgment. Moreover, the Agnews are further estopped from contesting the confessed Judgment or their personal liability thereunder because they have successfully argued its validity in prior proceedings and contractually agreed to confession of the Judgment through their attorney-in-fact.

This Court should also reject the Agnews' attempt to contest the District Court's dismissal of their claims on their Motion to Strike because they did not designate this Order in their Notices of Appeal. The Court should also uphold Judge Wright Allen's Order granting sanctions because she properly exercised her discretion in the entry of this Order and provided the Agnews' counsel with the opportunity to respond to her decision to grant sanctions.

Finally, the Court should exercise its discretion to retain jurisdiction to hear the appeal on the merits and provide finality to this litigation. In the event that the

Court determines the appeal is moot given the dismissal of the Agnews' underlying bankruptcy action, it should not vacate the District Court Orders on Summary Judgment and for sanctions.  Well-established federal case law provides that the extraordinary equitable remedy of vacatur is not available to the Agnews because their own actions caused the mootness in this case and because this would reward their forfeiture of review by enabling them to relitigate this matter that has been litigated in both the Richmond Circuit Court and Federal District Court over the past nine years.

## **ARGUMENT**

## I.    **The District Court properly exercised its discretion in striking the Agnews' response brief.**

Contrary to the Agnews' request for a *de novo* standard of review, the Fourth Circuit reviews the decision to deny the Agnews' motion for leave to file a late response in opposition due to excusable neglect under an "abuse of discretion" standard. B & J Enterprises, Ltd. v. Giordano, 329 F. App'x 411, 415 (4th Cir. 2009) (reviewing exclusion of evidence on summary judgment when excusable neglect was not shown); United States v. Pelton, 905 F.2d 1532 (4th Cir. 1990) (denial of motions for an extension of time for excusable neglect under an abuse of discretion standard).

The Agnews' response to ULC's Motion for Summary Judgment was twelve days late.  JA 1267.  The only reason proffered by the Agnews was an "inadvertent

14

calendaring mistake." JA 1262-63. The Agnews filed a Motion for Leave to file late responses to ULC's Motion to Reconsider and Clarify and Motion for Summary Judgment. JA 4-5, 1248-52. On that same day ULC filed a Memorandum in Opposition to this Motion for Leave, as well as a Motion to Strike the late Response Briefs. JA 5, 1253-60. In ULC's Memorandum in Opposition, it noted that counsel was properly served with the Motion for Summary Judgment through the CM/ECF System, and moreover, had actual knowledge of the Motions and discussed hearing dates on the Motions after their filing. Id. Further, no prior request for an extension was requested. Id.

As noted by Magistrate Judge Douglas E. Miller, the Agnews did not file a rebuttal brief on their motion for leave or provide further detail on the "mis-calendaring." JA 1267. Rather, the Agnews' counsel noted, without any explanation, the sole justification for the late response briefs was a calendaring mistake. JA 1261-65, 1267.

Judge Miller provided a nine page opinion exhaustively examining Fourth Circuit case law under the Federal and Local Rules of Civil Procedure. Particularly persuasive is the discussion in Thompson v. E.I. Dupont de Nemours & Co., 76 F.2d 530, 534 (4th Cir. 1996), where the Court noted that excusable neglect is not easily demonstrated, nor was it intended to be; the most important factor in the inquiry is the reason for the delay; and administrative failure falls

15

short of the necessary showing.  Moreover, the discretion Judge Miller exercised is wholly consistent with the multiple rulings of the decisions in this Circuit declining to find "excusable neglect."  JA 1272-73.  His analysis was appropriate and wholly within his discretion.  Accordingly, this Court should affirm the decision.

## II.    The undisputed facts alleged in ULC's unopposed motion for summary judgment are admitted and support Judge Wright Allen's grant of summary judgment.

The Court reviews the district court's award of summary judgment discussed in Sections II – VI of this Brief under a *de novo* standard.  Pryor v. United Air Lines, Inc., 791 F.3d 488, 495 (4th Cir. 2015).

While the Agnews filed their own Motion for Summary Judgment, they failed to timely respond to ULC's Motion for Summary Judgment.  Where parties have filed cross-motions for summary judgment they must, however, still controvert facts identified by the moving party in their statements of genuine issues filed in response to the Motions for Summary Judgment.  Pettis v. Nottoway Cnty. Sch. Bd., 980 F. Supp. 2d 717, 721 (E.D. Va. 2013) aff'd, 592 F. App'x 158 (4th Cir. 2014) (as a party neglected to cite to the record in disputing facts presented, the Court deemed them as admitted).  While ULC properly responded to the Agnews' Motion for Summary Judgment, citing parts of the record supporting its response, see JA 310-316, the Agnews' failed to timely respond. Accordingly, the

facts alleged in ULC's Motion for Summary Judgment are deemed uncontroverted and admitted.  Fed. R. Civ. P. 56(e)(2).

It is undisputed that the Agnews agreed to the confession of judgment in the "Forbearance Agreement Regarding Confession of Judgment."  JA 676, 705-713 (Motion for Summary Judgment, ¶ 6, Ex. A).  Six days after the Agnews agreed to the confession of judgment, ULC did what the parties contemplated and to which the Agnews had agreed.  ULC filed the confession of judgment in the Richmond Circuit Court and requested service.  JA, pp. 676, 775-780 (Motion for Summary Judgment, ¶ 6-8, Ex's. E, F, G).  Service was requested and court notes indicate it was issued.  JA 780.  The Judgment was subsequently docketed against the Property on July 28, 2000.  JA 677.

As Judge Wright Allen noted in her Order of November 13, 2015, the Agnews failed to rebut the clear presumption that service was effected as requested by the Clerk of the Richmond City Circuit Court.  "This presumption 'supports the official acts of public officers and, in the absence of *clear evidence* to the contrary, courts presume that they have properly discharged their official duties.'"  United Petrelle v. Weirton Steel Corp., 953 F.2d 148, 153 (4th Cir. 1991) (citing States v. Chemical Found., Inc., 272 U.S. 1, 14–15 (1926) (emphasis added)).  The Supreme Court of Virginia has also stated this presumption that public officers properly perform their duty to service of process.  Narrows Grocery Co. v. Bailey, 161 Va.

17

278, 278, 170 S.E. 730 (1933) (explaining that "a party has a right to rely upon the presumption of law that an officer to whom warrants were delivered for service would perform his duty").

Judge Wright Allen also correctly ruled that the Agnews' self-serving affidavit that a clerk in the Virginia Beach Sheriff's department's inability to locate evidence of service over nine years later is not sufficient to rebut the presumption that service was made as requested in light of the steps ULC took to properly file and serve the Judgment. JA 1282-4. Contrary to the Agnew's limited excerpts of the Affidavit they obtained from a Virginia Beach clerk, the clerk never stated that the Agnews were not served, only that her review of the Sherriff's Department's records nine years after the fact did not reveal records of service. JA 284. The Agnews' allegations of the absence of evidence of nine-year old service returns do not constitute clear affirmative evidence of nonservice to rebut the presumption that the confessed judgment was served. See Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (noting that if the proffered evidence "is merely colorable, or is not significantly probative, summary judgment may be granted.").

The Agnews have also admitted on summary judgment that "Michael Agnew acknowledged the validity of ULC's judgment." JA 678. The Agnews' counsel also "acknowledged the validity of the Judgment and ULC's ability to force the sale of the Property by filing a creditor's suit." Id. The "Agnews agreed

that the Judgment was valid and used the fact of the confessed Judgment to support their argument for an injunction to the foreclosure on the Deed of Trust." Id.

In addition to the fact that the Agnews have failed to produce affirmative evidence that the confessed Judgment was not served, they have also admitted that it is a valid judgment.   Judge Wright Allen appropriately granted summary judgment on this issue.

## III.    Judicial estoppel now bars the Agnews' arguments on appeal because they have successfully argued in previous litigation that the Judgment is valid.

The Agnews are now judicially estopped from taking the position that the Judgment is void for lack of service because in the Virginia Beach Litigation they successfully temporarily enjoined ULC's foreclosure on the Property by arguing that the Judgment was valid.

The doctrine of judicial estoppel provides that "a party is prohibited from assuming successive positions in . . . a series of actions, regarding the same fact or state of facts, which are inconsistent with each other or are mutually contradictory." Parson v. Carroll, 272 Va. 560, 565, 636 S.E.2d 452, 454 (2006).

The doctrine of judicial estoppel acknowledges that:

> the judicial process is not some kind of game.  If a litigant "assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

Pennsylvania Nat. Mut. Cas. Ins. Co. v. Roberts, 668 F.3d 106, 117 (4th Cir. 2012)

(citing New Hampshire v. Maine, 532 U.S. 742, 749 (2001).

While the prior inconsistent position must have been relied upon by the prior

court in rendering its decision, a party can be judicially estopped from taking a

prior inconsistent position even if the party does not obtain judgment in its favor or

otherwise prejudice the opposing party with its statement(s).   Virginia Elec. &

Power Co. v. Norfolk S. Ry. Co., 278 Va. 444, 462-465, 683 S.E.2d 517, 527-529

(2009).

This doctrine applies to confessions of judgment.

> A defendant confessing judgment is estopped, in the absence of
> fraud, to question its validity on account of irregularities to
> which he did not object, or to dispute any facts set forth in the
> confession, and if, after the entry of the judgment, he ratifies or
> accepts it, or acquiesces in it, he is estopped to deny the
> authority on which it was confessed or otherwise to impeach its
> validity.

Johnson v. Alvis, 159 Va. 229, 233, 165 S.E. 489, 490 (1932) (rejecting a

defendant's contention five years after a confession of judgment that it was invalid

because it was not executed under seal when that defendant ratified, accepted, or

acquiesced in its entry).

The Agnews have admitted that in the Virginia Beach Litigation (and before

the Supreme Court of Virginia) that they made the factual allegations and legal

arguments that the Judgment was, in fact, valid.  JA 677-77.  They argued that the

Judgment was valid and that ULC had an obligation to forbear on the sale of their Property under the Deed of Trust referenced therein.  Id.  Their statements in the Virginia Beach Litigation transcripts and memoranda are admitted.  Id. (Motion for Summary Judgment, Ex.'s B,C,D,T,U,W,V,Y).  Judge Shockley relied on these arguments and changed her ruling in that action.  JA 1169.

Because the Agnews admitted that the Judgment was valid and Judge Shockley relied on these factual allegations and legal arguments in the Virginia Beach Litigation, the doctrine of judicial estoppel bars the Agnews from now taking this contrary position when it suits them.

## IV.    <u>The Agnews contractually waived any objection to confession of the Judgment</u>.

The Agnews now also ignore the fact that they contracted for the confession of the very Judgment they now attempt to invalidate.    The "Forbearance Agreement Regarding Confession of Judgment" intended confession of the Judgment.  JA 675, 705-713.  The Agnews also expressly authorized confession of the Judgment by "hereby ratifying and confirming the acts of said attorney-in-fact as if done by themselves."  JA 709.

By <u>ratifying</u> and <u>confirming</u> the acts of the attorney-in-fact as if done by themselves, AGM and the Agnews waived service requirements.  Section 8.01-435 of the Virginia Code does not require service of a judgment confessed by the

21

debtor himself.  This further confirms that the Agnews and AGM wanted the judgment to be treated as if entered by them personally.

Under the Supreme Court of Virginia's ruling in Johnson v. Alvis, 159 Va. 229, 233, 165 S.E. 489, 490 (1932), the Agnews' "ratificat[ion] or accept[ance], or acquiesce[nce]" of the Judgment preclude them from now contesting its validity. In their Opening Brief, the Agnews ignore the fact that "waiver applies to *any right* conferred *by law* or *contract*." Roenke v. Virginia Farm Bureau Mut. Ins. Co., 209 Va. 128, 135, 161 S.E.2d 704 (1968) (emphasis added).  The express terms of the Forbearance Agreement reflect "the intentional relinquishment of a known right, with both knowledge of its existence and an intention to relinquish it." Id.

Other courts have specifically acknowledged that a debtor may waive his rights to service of a confession of judgment.  In a case similar to this one, the debtor agreed to the confession of a judgment under a power-of-attorney, and later attempted to assert that it was invalid because it was not served. Holt v. Nedry, 64 Va. Cir. 373 (Fairfax Cir. Ct. 2004).  There, the Court noted that a debtor may indeed waive notice of the confession of judgment.

Because the Agnews expressly and unconditionally consented to the entry of judgment against them upon execution of the Forbearance Agreement, any service requirements of Va. Code § 8.01-438 were waived.

**V.    The Court properly interpreted the Forbearance Agreement with respect to the "Resource Litigation."**

The Court properly interpreted the Forbearance Agreement to obligate the Agnews to pursue the pending Resource Litigation and this interpretation comports with the admitted intent of the parties.  The phrase to which the Agnews have unsuccessfully directed the Richmond Circuit Court and District Court provides that "[u]pon the conclusion of the Resource Litigation, whether by final unappealable verdict or full settlement, and regardless of outcome, ULC shall release Agnew from personal liability on the Judgment . . . ."  JA 707.  The Resource Litigation, filed in 1999, was pending at the time the parties executed the Forbearance Agreement in 2000.  JA 680.  Judge Wright Allen ruled that the phrase "regardless of outcome" modifies the phrase "whether by final unappealable verdict or full settlement."

It is an elementary rule of grammar that where there is any chance at all of ambiguity, a modifier should be placed next to the word or words it modifies.  Also, the modifying phrase modifies *everything* preceding it, not just one or two words.  Wells v. Travelers Ins. Co., 26 Va. Cir. 296, 301 (1992); see also State Farm Mut. Auto. Ins. Co. v. Seay, 236 Va. 275, 280 (1988) (The qualifying term "while in or upon a motor vehicle" at the end of a motor vehicle and aircraft insurance policy applies to the entire policy).  Accordingly, the "outcome" modifies the final verdict of full settlement.  It does not, as the Agnews assert,

ignore the preceding phrase and solely modify "[u]pon conclusion of the Resource Litigation." This interpretation would render the preceding phrase meaningless.

Moreover, the Agnews have admitted that the intent of the parties to the Forbearance Agreement was that the Agnews would prosecute litigation against Resource Bank as a means of paying the confessed Judgment. JA 677-78. In the event the phrase is ambiguous, the Court is directed to interpret the context of an ambiguous clause in a contract by looking to the intent of both parties at the time the contract was executed. Richmond Eng'g & Mfg. Corp. v. Loth, 135 Va. 110, 141, 115 S.E. 774, 783 (1923). The parties expressly (and now on unopposed Summary Judgment, admittedly) intended that they would prosecute the pending Resource Litigation or conclude in full settlement. However, the Agnews did not prosecute the Resource Litigation as they agreed in the Forbearance Agreement – it was initiated in 1999 and stricken from the docket in 2005 for inactivity. JA 679-680. The Agnews did not move to reinstate it or conclude that case with full settlement. JA 680.

Any contrary interpretation would be unreasonable. Under the Agnews' interpretation, they could have signed the agreement with ULC on June 2, 2000, nonsuited the case against Resource Bank on June 3, 2000, and freely walked away from the Judgment with a full release. This would not reasonably have been ULC's intention. Well-established Virginia law requires that contracts be given a

24

reasonable and just interpretation. Dart Drug Corp. v. Nicholakos, 221 Va. 989, 993-94, 277 S.E.2d 155, 157-58 (1981).

With respect to releases, Virginia case law states that, "[a] release, like any other contractual provision, must be interpreted based on its plain and unambiguous language." FS Photo, Inc. v. Picturevision Inc., 61 F. Supp. 2d 473, 482 (E.D. Va. 1999). See also State Farm Mut. Auto Ins. Co. v. Reynolds, 676 F. Supp. 106, 107 (W.D. Va. 1987) ("[A] literal test is properly employed in construing the scope of the release"). The plain language of the release in this case clearly requires that the Agnews prosecute the Resource Litigation to either an unappealable final verdict or full settlement in order to be entitled to a release of personal liability.

Finally, the Agnews' argument invites the Court to adopt an interpretation that would allow the Agnews to perform their obligations in the Forbearance Agreement in bad faith. Virginia law, however, provides that "every contract contains an implied covenant of good faith and fair dealing." Morrison v. Wells Fargo Bank, N.A., 30 F. Supp. 3d 449, 455 (E.D. Va. 2014); see also A & E Supply Co. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 676 (4th Cir. 1986) ("All contracting parties owe to each other a duty of good faith in the performance of the agreement").

The interpretation the Agnews ask this Court to take is not consistent with Virginia law regarding an implied covenant of good faith and fair dealing in the performance of a contract. The conditions precedent necessary for the Agnews to secure a release of the judgment imposed a duty on the Agnews to fully prosecute the Resource Litigation. There is no dispute that by allowing the Resource Litigation to be dismissed for inactivity the Agnews did not act in good faith. The conditions precedent necessary for the Agnews to secure a release of the judgment never occurred, and ULC's Judgment against them has not been released.

Accordingly, the Court should affirm Judge Wright Allen's decision on summary judgment.

## VI. **The remaining claims are not before this Court because Judge Wright Allen's order on Motion to Strike was not designated for appeal.**

The Agnews' Complaint includes multiple affirmative contract-related claims against ULC. JA 13-20. The Agnews raise two of them on appeal. These include ULC's purported material breach of the Forbearance Agreement, Opening Brief, pp. 35-39 and a turnover claim, pp. 39-42. These claims were before Judge Wright Allen on Motion to Dismiss. JA 258 ("Plaintiffs allege (1) that the prior confessed judgment is void due to improper service, rendering ULC's judgment lien invalid, (2) that they have no personal liability under the agreement, and (3) multiple breach of contract claims"). In their Opening Brief, the Agnews assert that Judge Wright Allen erred in dismissing them on her Motion to Dismiss.

Judge Wright Allen dismissed all contract-related claims in her May 20, 2015 Order on the Motion to Dismiss, noting that they were time-barred. JA 274. All breach of contract claims, or those arising out of breach of contract, were dismissed with prejudice. JA 274-75. The only claims remaining on Summary Judgment were that the prior Confessed Judgment is void due to improper service," and "that Plaintiffs have no personal liability under the Forbearance Agreement." JA 1276; see also JA 1353, fn. 2.

Federal Rule of Appellate Procedure 3(c)(1)(B) requires that an appellant "designate the judgment, order, or part thereof being appealed." If the notice of appeal fails to designate the order being appealed it should be dismissed. Wise v. S. Carolina Dep't of Corr., 255 F. App'x 694, 695 (4th Cir. 2007). The notice of appeal must at minimum reference the order being appealed. Marshak v. Branch, 980 F.2d 727 (4th Cir. 1992). The Agnews did not appeal the Order on Motion to Dismiss. They did not reference the Order on Motion to Dismiss or the Motion to Dismiss on appeal. Accordingly, these claims are not before this Court and merit no further consideration.

To the extent these claims are considered, they should summarily be dismissed for the reasons Judge Wright Allen noted. They are time-barred by Section 8.01-246 of the Code of Virginia, which provides a five year statute of limitations. By their October 2014 Complaint in the adversary proceeding, the

Agnews are again attempting to pursue claims that arose between 2000 and 2002, fourteen to sixteen years ago. They are affirmatively asserting a claim to relief through declaratory judgment. In essence, they are arguing that they should be able to evade the limitations statutes if they bring a time-barred declaratory judgment action. They should not be allowed to characterize a claim as a defense in order to avoid a temporal bar.

To the extent the claims are classified as affirmative defenses, they are still estopped from pursuing them. "Under Virginia law, one may be estopped to plead the bar of a statute of limitations . . . under the general doctrine of equitable estoppel." Barry v. Donnelly, 781 F.2d 1040, 1042 (4th Cir. 1986) (rejecting a plaintiff's declaratory action seeking a declaration that defendants were barred by the Virginia statute of limitations given the time that had passed without asserting that right.). The Agnews' claims arise out of actions taken well over five years before they filed their Complaint. JA 16-18. The Agnews filed the underlying Complaint in the Bankruptcy Court in 2014. Accordingly, they are now estopped from attempting to use this delay to their advantage.

## VII.  <u>Judge Wright Allen properly exercised her discretion in awarding sanctions.</u>

Contrary to the Agnews' request for a *de novo* standard, the Fourth Circuit also reviews the *sua sponte* award of sanctions, as well as an award of sanctions under 28 U.S.C. § 1927, under an "abuse of discretion" standard, and the factual

findings underpinning that decision for "clear error." In re Bees, 562 F.3d 284, 287 (4th Cir. 2009); Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 443 (4th Cir. 2011).

Judge Wright Allen exercised proper discretion in awarding sanctions and her factual findings did not constitute clear error. She properly noted that counsel for the Agnews presented a heavily redacted portion of a transcript from the Virginia Beach Litigation over the Deed of Trust that was unrelated to the Judgment lien. JA 1278, 1286, 1353. She properly noted that they inadequately presented the posture of the Virginia Beach Litigation, had prolonged the litigation, misled the Court, and were designed to cause unnecessary delay. Id.

In lieu of clarifying these statements[3], counsel for the Agnews filed a Motion for Summary Judgment, necessitating not only a response and cross-Motion for Summary Judgment from ULC, but a Motion for Reconsideration and Clarification to properly address the history in the two cases. JA 671 A-O. The Motion for Reconsideration and Clarification noted how Judge Shockley's statements in no way supported the Agnews' claims for *res judicata* or collateral estoppel, as the issues involved the Agnews' liability under a Deed of Trust, not the Judgement lien and resulted in a judgment against the Agnews, not ULC. Id. After review of these pleadings, Judge Wright Allen properly noted that the redacted statements

---

[3] JA 273 (Judge Wright Allen noted that "the excerpt provided by Plaintiffs is heavily redacted and the nature of Judge Shockley's statements is unclear.").

from the Virginia Beach Litigation and reliance on these statements merited sanctions.  JA 1286.

The Agnews' counsel filed a response to ULC's draft Judgment of sanctions.[4]  JA 1296.  After consideration of that response, the Court awarded $5,000 in sanctions.  JA 1352.  Judge Wright Allen did not abuse her discretion nor did her factual findings constitute clear error.   Accordingly, the Court should affirm the District Court's orders granting sanctions.

## VIII.  Dismissal of the Bankruptcy Case Does Not Automatically Divest this Court of Jurisdiction over this Appeal.

Notwithstanding the intervening dismissal of the Bankruptcy Case, this Court may exercise jurisdiction to hear and lend finality to this matter.[5]  First, this Court should retain jurisdiction and decide this matter because dismissal could be inequitable, could prejudice ULC, and could further impede judicial economy.

The consensual dismissal of the Bankruptcy Case – which dismissal was the result of Appellants' failure to comply timely with the consent order governing

---

[4] Section E of the Agnews' Opening Brief contains the Response filed in response to the draft Judgment.

[5] The Bankruptcy Proceedings are public record, are not subject to reasonable dispute, and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.   Accordingly, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of these proceedings.  See also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (The Court may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

debtors-in-possession – does not necessarily divest this Court of jurisdiction to hear and decide this appeal. "It is well-settled that the termination of the underlying bankruptcy case does not automatically strip the bankruptcy court of jurisdiction over adversary proceedings [. . . ]." First Owners' Ass'n of Forty Six Hundred Condo., Inc. v. Gordon Properties, LLC, No. 1:11cv255, 2011 WL 11706511, at *3 (E.D. Va. Apr. 15, 2011) (J. Ellis).

While it does not appear that the Fourth Circuit has ruled on this issue, courts have generally adopted the reasoning set forth by the Eleventh Circuit Court of Appeals in Fidelity & Deposit Co. of MD v. Morris (In re Morris), 950 F. 2d 1531 (11th Cir. 1992). In that case, Mr. Morris filed an adversary proceeding to recover unpaid retainage pursuant to a construction contract which Mr. Morris failed to complete. While the adversary proceeding was pending, Mr. Morris' bankruptcy case was dismissed due to inactivity and failure to file a plan of reorganization or monthly operating reports. The Bankruptcy Court exercised jurisdiction over the adversary proceeding and issued a decision in favor of Mr. Morris. The District Court reversed the decision of the Bankruptcy Court.

On appeal, the Eleventh Circuit adopted the general rule that "dismissal of a bankruptcy case normally results in the dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy

case and the related proceedings, but noted that the general rule is not without exceptions." Id. at 1534 (citing In re Smith, 866 F.2d 576, 580 (3d Cir. 1989)).

The Eleventh Circuit stated that section 349 of the United States Bankruptcy Code, which addresses the effects of dismissal of a bankruptcy case, "gives the bankruptcy court the power to alter the normal effects of dismissal if cause is shown." Id. at 1535.  To determine whether a bankruptcy court should exercise discretionary jurisdiction over an adversary proceeding following dismissal of the underlying bankruptcy case, the Eleventh Circuit adopted a three factor test: (1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved.  Id. (citing Smith at 580).  This reasoning has been widely adopted by other courts.  See In re Porges, 44 F.3d 159, 162-63 (2d Cir. 1995); In re Querner, 7 F.3d 1199, 1201-02 (5th Cir. 1993); In re 5900 Ass'n, Inc., 468 F. 3d 326, 330 (6th Cir. 2006); In the Matter of Statistical Tabulating Corp., Inc., 60 F.3d 1286, 1289 (7th Cir. 1995); In re Carraher, 971 F.2d 327, 328 (9th Cir. 1992);    In re Teigen, 17 F.3d 396 (9th Cir. 1994) (unpublished decision) (holding that the appellate court, rather than the bankruptcy court, had discretion to retain jurisdiction over an appeal).

In this case, an analysis of the three factor test identified in Morris leads to the conclusion that this this Court can retain jurisdiction and decide this matter. First, retention of jurisdiction will enhance judicial economy.  Over the past nine

years the Agnews have pursued these same arguments in state courts, bankruptcy court, and the District Court.  But for the Agnews' manipulation of the state and federal court systems, this case should not have languished for such a long period of time.  Judicial economy demands that this Court bring closure and finality to this matter.

Second, fairness and convenience to the litigants enables this Court to retain jurisdiction.  ULC has been pursuing its rights under the agreed Forbearance Agreement for years, while the Agnews have attempted to prevent foreclosure under the lien of the very Judgment they confessed in every available forum without success (but for their delay).  After nearly two years, when this appeal is nearing its final stage, the Agnews consent to the dismissal of the Bankruptcy Case, which dismissal was precipitated by the Agnews' own failure to satisfy the requirements of the Office of the U.S. Trustee.  Dismissal of this case in a manner that would vacate the District Court Orders on Summary Judgment and for Sanctions would be grossly unfair to ULC and reward the Agnews' bad behavior as it could open the door for the Agnews to continue to raise these same arguments, which have been conclusively rejected in both state and federal court, in yet another forum.

Finally, while this matter implicates issues of state law, the issues are not complex, especially given the Agnews' failure to timely contest ULC's Motion for

Summary Judgment. Allowing this Court to rule on the District Court's decision in this case – which decision was consistent with a prior state court decision issued by the Circuit Court of Richmond - will not offend the principles of comity. More importantly, the Agnews intentionally availed themselves of the federal forum by filing the adversary proceeding and demanding a jury trial. To bring closure and finality to this matter, this Court should exercise its discretion and retain jurisdiction over this appeal.

## IX.  The Court should not vacate the District Court Summary Judgment and Sanctions Orders if it determines the appeal is moot in light of the dismissal of the bankruptcy case.

In the event the Court finds that the pending appeal is moot given the dismissal of the bankruptcy case, it should not vacate the District Court orders. In cases where review of a district court order is rendered moot through "happenstance," federal appellate courts upon motion typically vacate lower court orders to "clear the path for future relitigation of the issues between the parties." United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950).

Disposition of moot cases, however, requires the appellate court to review "the nature and character of the conditions which have caused the case to become moot." U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 24-26 (1994) (noting that a petitioner's "forfeiture of review constitutes a failure of equity" that renders a decision "unreviewed by his own choice"). Mootness by

"vagaries of circumstance" can provide a reason for dismissal.  Id.  Relief from a lower court judgment is not merited, however, when an action or fault of the appellant causes the case to become moot.  Id.; see also Mellen v. Bunting, 327 F.3d 355, 365 (4th Cir. 2003) (citing Karcher v. May, 484 U.S. 72, 82–83 (1987) (holding that the "appellate court should not vacate judgment if the case has become moot due to a voluntary act of the losing party")).

The principal consideration for review is "whether the party seeking relief from the judgment below caused the mootness by voluntary action."  Bancorp, at 24.  For example, voluntary settlement of the underlying case does not provide a reason to vacate a lower court judgment.  Id.  In such an instance, "the denial of vacatur is merely one application of the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks."  Id.  Lower court orders should be vacated only if the mootness arises "due to events beyond the control of the parties."  F.T.C. v. Food Town Stores, Inc., 547 F.2d 247, 248 (4th Cir. 1977) (citing Munswinger, at 40).

In the event the Court determines that the appeal is moot, the Court should not vacate the District Court's Orders granting summary judgment and sanctions in ULC's favor.  This is because the Agnews' own conduct has created the mootness of their own appeal.  As noted by the U.S. Trustee and United States of America, the Agnews failed to properly file required operating reports and failed to file a

confirmable Chapter 11 plan.  See JAS 32 (U.S. Trustee Motion to Convert or Dismiss, Docket [80]; U.S.A. Motion to Convert, Docket [108]).  Furthermore, the Agnews consented to the dismissal of their underlying bankruptcy case.  JAS 18 (Docket [117]).  No "vagaries of circumstance," "happenstance," or "events beyond the control of the parties" created this situation.

Furthermore, there is an ostensible need to ensure that future relitigation of this case does not occur.  It has already been litigated in both the Richmond Circuit Court and Federal District Court.  Accordingly, the primary reason for vacatur identified in the seminal Munsingwear opinion is not present.  Munsingwear, at 40.

The Seventh Circuit had occasion last year to address the exact factual and legal position present in this case in In re Rinaldi, 778 F.3d 672 (7th Cir. 2015). Its decision is illustrative and entirely appropriate for this Court to adopt.

In that case a husband and wife signed a note with a lender.  Id. at 673.  The couple defaulted and the lender initiated judicial foreclosure proceedings in state court.  The couple counterclaimed, alleging various grounds such as lack of standing and fraud, but lost on summary judgment and did not appeal.  Thereafter, the state court vacated its foreclosure judgment after the lender agreed to modify the loan.  The couple then filed a new lawsuit reasserting their prior counterclaims. Before the state court could rule on the lender's motion to dismiss, the couple filed for bankruptcy, staying the state case.

36

In the bankruptcy action, the couple filed an adversary proceeding asserting the same claims. The bankruptcy court ruled in favor of the lender and recommended denial of the adversarial claims. The district court affirmed the bankruptcy court's decision because of the couple's procedural failures and substantively meritless claims. It also warned them that they would face sanctions if they continued to file frivolous pleadings because their litigation tactics "quite obviously been vexatious and time- and resource-consuming." Id. at 674. The couple did not heed the district court's warning and moved to amend the judgment, re-asserting the same frivolous arguments. The Court denied the motion and again warned that sanctions would result because the couple's attorney had intentionally confused the matter. Id.

The couple and their attorney then appealed to the Seventh Circuit. While that appeal was pending, the couple dismissed the bankruptcy case. Id. at 675. On appeal, the couple rehashed the same arguments about the deficiencies with the underlying debt upon which the lender had foreclosed. The Seventh Circuit noted that "when an appeal becomes moot, [the Court] ordinarily vacates the underlying rulings in the case." Id. (citing United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950)). The Court further noted:

> This rule is meant "to ensure that a decision carries no precedential force after mootness prevents further review." Here, however, applying this rule would lead to the odd result that, by rejecting the [couple's] argument against mootness, we

would give them exactly the relief that they seek. There is a solution to this strange result. We have long recognized an exception to the rule in <u>Munsingwear</u> for situations where a losing party causes an appeal to become moot in order to avoid the preclusive effect of an unfavorable ruling.

<u>In re Rinaldi</u>, 778 F.3d 672, 675 (7th Cir. 2015).

The Seventh Circuit found that this case was a good candidate in which to apply the exception.  The Court noted the time the couple had reached the district court, they had presented their arguments "before two separate courts in three separate proceedings." <u>Id</u>. at 676.  The Court then noted that in the bankruptcy dismissal, the couple noted that they wanted to again challenge the underlying debt in state court.  The Seventh Circuit refused to allow these actions to continue, noting, "[w]e refuse to indulge this type of gamesmanship by depriving the sound decisions of the bankruptcy court and district court of preclusive effect."  <u>Id</u>. at 675-76.

Just as in <u>Rinaldi</u>, a vacation of the District Court's orders could clear the path for the Agnews to continue their efforts over the past nine years to hinder the enforcement of ULC's Judgment lien through state and federal courts.  A vacation of the District Court's orders would, in effect, reward the Agnews for their improper conduct before the bankruptcy court and District Court.  Vacatur is an extraordinary remedy and one that is provided only in equity.  <u>Giovanni Carandola, Ltd. v. City of Greensboro</u>, 258 F. App'x 512, 516 (4th Cir. 2007) (citing <u>Bancorp</u>,

at 26).  Accordingly, to the extent the Court determines the pending appeal is moot, the Court should under no circumstances vacate the orders of the District Court.

## CONCLUSION

For the reasons stated above, ULC respectfully requests that the Court of Appeals affirm the District Court's Orders on Summary Judgment and for Sanctions and, in the event the Court determines that the Agnews' appeal is moot and should be dismissed, the Court should decline to vacate the District Court's Orders on Summary Judgment and for Sanctions.

Respectfully Submitted,

UNITED LEASING CORPORATION

By:        /s/ Nathaniel L. Story
                    Counsel

R. Webb Moore (VSB No. 27268)
Nathaniel L. Story (VSB No. 77364)
HIRSCHLER FLEISCHER, P.C.
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:  (804) 771-9500
Facsimile:  (804) 644-0957
E-mail:       wmoore@hf-law.com
                    nstory@hf-law.com

*Counsel for Appellee*

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

     this brief contains <u>9,010</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

     this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated: April 4, 2016          /s/ Nathaniel L. Story
                              Nathaniel L. Story

                              *Counsel for Appellee*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on April 4, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all the following registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
P.O. Box 1460
Richmond, VA 23218